# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TIM MACKLAIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-05275 |
| v. | ) | |
| | ) | |
| JOSEPH TUCCI and | ) | Judge Joan H. Lefkow |
| SHERRY TUCCI, INDIVIDUALLY | ) | |
| AND AS TRUSTEE UNDER TRUST | ) | Magistrate Judge Susan E. Cox |
| AGREEMENT DATED JUNE 23, 2003 | ) | |
| AND KNOWN AS THE SHERRY | ) | |
| TUCCI LIVING TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR ENTRY OF JUDGMENT PURSUANT TO AGREED ORDER, JUDGMENT ON THE PLEADINGS AND APPOINTMENT OF A RECEIVER

Plaintiff Tim Macklaier ("Macklaier"), by and through his undersigned counsel, moves this Court for: Entry of Judgment against Defendants Joseph Tucci and Sherry Tucci, individually and as Trustee under Trust Agreement dated June 23, 2003 and known as The Sherry Tucci Living Trust (the "Trust"); Judgment on the Pleadings pursuant to his previously filed motion (Doc. #11); and Appointment of a Receiver pursuant to his previously filed motion in this case. (Doc. #13.) In support of this motion, Macklaier states as follows:

1. The Defendant Trust is the owner of certain commercial real estate that has a history of not being maintained including, but not limited to, the failure to pay taxes. This motion is necessitated by the inability and/or unwillingness of the trustee and successor trustees of that Trust to cooperate with its obligations to sell that real estate. At best, the Trust is in breach of an Agreed Order entered into by the parties regarding the sale of the real estate and resolution of the lawsuit. At worst, the subject property – which is at constant risk of being lost at tax sale – is owned by a

Trust with no functioning trustee. In order to protect his rights, Plaintiff seeks entry of Judgment for breach of the parties' settlement agreement, as well as judgment for his previously filed motion for judgment on the pleadings. Also, pursuant to both the settlement agreement and his previously filed motion, Plaintiff seeks the immediate appointment of a receiver.

2.  On August 9, 2019, Macklaier filed a five-count Amended Complaint against the Defendants seeking damages and other relief arising from Defendants' default on their repayment obligations under two loan agreements.

3.  On October 23, 2019, Macklaier filed a Motion for Judgment on the Pleadings and a Motion for Appointment of a Receiver with accompanying memoranda of law in support of both motions. (*See* Doc. ## 11, 11-1, 13, 13-1.) Defendants did not respond to either motion, but instead, entered into settlement discussions with Macklaier in an effort to resolve the case.

4.  On January 10, 2020, this Court entered an Agreed Order pursuant to a settlement agreement between the parties and retained jurisdiction to enforce its terms. (Doc. #22.)

5.  The Agreed Order provides, among other things, that:
    a. the parties are to sell Defendants' six-acre commercial parcel of real estate in Lake County, Illinois commonly known as 32270 N. IL Route 83, Grayslake, Illinois 60030-9772, PIN: 06-35-400-016 (the "Grayslake Property") and apply the sale proceeds, in part, to repayment of Defendants' obligations under their loan agreements with Macklaier;
    b. Macklaier is to have exclusive control and absolute discretion over the sale process including, but not limited to, the right to appoint a sales agent of his choosing; and

      c. Defendants are to "cooperate fully" with Macklaier in selling the Grayslake Property including, among other things, providing Macklaier, his sale agent, and his attorneys with any information they request for purposes of the sale, and "executing all documents Macklaier reasonably deems necessary for the sale of the property." (Doc. #22, ¶¶ 1-2.)

6. In light of the Agreed Order, the Court found that Macklaier's motions for judgment on the pleadings and for appointment of a receiver were moot. (Doc. #23.)

7. Subsequently, Macklaier appointed Daniel McKay of McKay Investment Realty, Inc. as agent to sell the Grayslake Property.

8. On January 15, 2020, undersigned counsel sent Defendants' counsel an Exclusive Sales/Lease Agreement (the "Sale Agreement") to be executed by the title holder to the Grayslake Property --- Defendant Sherry Tucci as Trustee under Trust Agreement dated June 23, 2003 and known as The Sherry Tucci Living Trust. (*See* Declaration of Arthur M. Scheller III attached hereto as Exhibit 1.)

9. Despite repeated demands, Defendant Sherry Tucci, as Trustee of The Sherry Tucci Living Trust, has failed and refuses to sign the Sale Agreement. (*See* Exhibit 1 at ¶ 5.)

10. On February 11, 20202, this Court held a status hearing and was informed that (i) Defendants' had defaulted on their obligations under the terms of the Agreed Order by failing to execute the Sale Agreement; (ii) Defendant Sherry Tucci lacks capacity to execute the Sale Agreement; and (iii) the successor trustees of the Trust were unwilling or unable to execute the Sale Agreement. The Court set a further status for February 25, 2020 in order to give Defendants' counsel additional time to determine whether the successor trustees to The Sherry Tucci Living Trust would sign the Sale Agreement.

11. At the time of the filing of this motion, Defendants' counsel has not confirmed that the successor trustees have consented to sign the Sale Agreement. (*See* Exhibit 1 at ¶ 6.)

12. Defendants' failure to cooperate fully with Macklaier by executing the Sale Agreement in order to sell the Grayslake Property constitutes an Event of Default under the terms of the Agreed Order. (Doc. #22, ¶ 2.)

13. The Agreed Order provides that upon an Event of Default, Defendants waive all objections and defenses and consent, upon notice and motion, to entry of the following relief:

   a. Judgment against Defendants, jointly and severally, and in favor of Macklaier in the amount of $923,314.89, plus interest calculated at 5.1% per annum as set forth in the May 20, 2013 Agreement from the time the loans were made through the date of final judgment, less any and all payments made by Defendants and less the amount of all proceeds from the sale of the Grayslake Property;

   b. A declaration that Macklaier holds equitable liens on the Grayslake Property in the amount of $923,314.89, plus interest calculated at 5.1% per annum to secure the debts owed by the Defendants, less any and all payments made by Defendants and less the amount of all proceeds from the sale of the Grayslake Property;

   c. A declaration that such equitable liens are superior in right, title, and interest to the claims and liens of Defendants and any third-party claim or lien that is not of record at the time of the filing of this Complaint;

   d. A judgment order that Macklaier's equitable liens be foreclosed; that the Grayslake Property, if not already sold, be sold according to law by a levying officer to be appointed by the Court; that the proceeds of the sale be applied first to payment of the amount due Plaintiff in the amount of $923,314,89 plus accrued interest, less any and

all payments made by Defendants and less the amount of all proceeds from the sale of the Grayslake Property;

e. A declaration that all persons claiming by, through, or under the Defendants be forever foreclosed to any and all rights in and to the property. The foreclosure order shall further provide that Macklaier is permitted to become a purchaser at the foreclosure sale, pursuant to a credit bid of the final judgment amount, and shall direct the levying officer to execute a deed to the purchaser of the Grayslake Property at the sale, and direct that the purchaser be granted possession of the property on production of the levying officer's deed; and

f. The appointment of a receiver to secure control over and maintain the Grayslake Property, to pay expenses, and to collect rents on the property until the Grayslake Property is sold to be applied first toward satisfaction of the judgment against Defendants. (Doc. #22, ¶ 6.)

14. Attached hereto as Exhibit 1 is the Declaration of Arthur M. Scheller III setting forth a calculation of the principal and interest due and owing from Defendants on their loan agreements with Macklaier through the date of the filing of this Motion. (*See* Exhibit 1 at ¶ 7.)

15. Pursuant to the provisions of paragraph 6 of the Agreed Order, Macklaier is entitled to judgment against Defendants for the amounts and relief set forth in the proposed Judgment Order, a copy of which is attached hereto as Exhibit 2. That relief includes, but is not limited to, the appointment of a receiver to secure control over and maintain the Grayslake Property until it is sold.[1]

---

[1] Macklaier's Motion for Appointment of a Receiver had proposed that Al Lieberman act as receiver for the Grayslake Property. Macklaier now nominates Daniel McKay of McKay Investment Realty, Inc., his designated sales agent, as receiver for the Grayslake Property. *See* Declaration of Daniel McKay dated

16. To the extent that Defendants argue that the Trust should not be bound by the Agreed Order, Macklaier renews his Motion for Judgment on the Pleadings (Doc. #11, 11-1) and respectfully requests that said Motion be granted and judgment entered in favor of Macklaier and against Defendants as set forth in the Motion's prayer for relief. (Doc. #11.)

17. Further, because the Trust – the owner of the Grayslake Property -- is operating without a trustee, Macklaier renews his Motion for Appointment of a Receiver (Doc. #13, 13-1) and respectfully requests that said Motion be granted. (Doc. #13, Ex. A.) As demonstrated in the Motion, given the imminent risk to the collateral demonstrated by the unpaid taxes on the Grayslake Property and Defendants' worsening financial condition, the appointment of a receiver is appropriate. Further, appointment of a receiver is vital in this case given the fact that the Trust, which holds title to the Grayslake Property, has no trustee acting on its behalf.

WHEREFORE, Plaintiff Tim Macklaier prays for judgment against Defendants Joseph Tucci and Sherry Tucci, individually and as Trustee under Trust Agreement dated June 23, 2003 and known as The Sherry Tucci Living Trust, as set forth in the proposed Judgment Order attached hereto as Exhibit 2.

Dated: February 20, 2020

Respectfully submitted,

TIM MACKLAIER

By: /s/Arthur M. Scheller III
    One of his attorneys

Andrew J. Greene (ARDC #6225072)
Arthur M. Scheller III (ARDC #6216805)
ASG LAW LLC
20 N. Clark Street, Suite 3300
Chicago, IL 60602
(312) 858-6751
agreene@asglawfirm.com

---

February 19, 2020, attached hereto as Exhibit 3 demonstrating that Mr. McKay is qualified and well positioned to act as receiver in this case.

ascheller@asglawfirm.com

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on February 20, 2019, I electronically transmitted the foregoing **Motion for Entry of Judgment Pursuant to Agreed Order, Judgment on the Pleadings and Appointment of a Receiver** to the Clerk of the Court using the CM/ECF System for filing and transmittal to the CM/ECF registrants.

                                              /s/Arthur M. Scheller III___