UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIM MACKLAIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:19-cv-05275 |
| v. | ) |
| | ) |
| JOSEPH TUCCI and | ) Judge Joan H. Lefkow |
| SHERRY TUCCI, INDIVIDUALLY | ) |
| AND AS TRUSTEE UNDER TRUST | ) Magistrate Judge Susan E. Cox |
| AGREEMENT DATED JUNE 23, 2003 | ) |
| AND KNOWN AS THE SHERRY | ) |
| TUCCI LIVING TRUST, | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR IMMEDIATE RULING ON MOTION FOR ENTRY
OF JUDGMENT PURSUANT TO AGREED ORDER, JUDGMENT ON THE
<u>PLEADINGS AND APPOINTMENT OF A RECEIVER</u>**

Plaintiff Tim Macklaier ("Macklaier"), by and through his undersigned counsel, moves this Court for an immediate ruling on his previously filed Motion for Entry of Judgment against Defendants Joseph Tucci and Sherry Tucci, individually and as Trustee under Trust Agreement dated June 23, 2003 and known as The Sherry Tucci Living Trust (the "Trust"), for Judgment on the Pleadings, and for Appointment of a Receiver ("Motion for Judgment"). (Doc. #28.) In support of this motion, Macklaier states as follows:

1. The Complaint in this case was filed on August 5, 2019. (Doc. #1.) During the ensuing seven months, Defendants have engaged in a continuing pattern of delay in order to evade the entry of judgment against them. Indeed, given the consistency of the pattern, the delays appear purposeful and intentional.

2. On October 23, 2019, Macklaier filed a Motion for Judgment on the Pleadings (Doc. #11, 11-1) and, on October 24, 2019, a Motion for Appointment of a Receiver relating to

the Trust's commercial real estate which is the collateral securing the parties' settlement agreement and has a history of not being maintained (the "Grayslake Property"). (Doc. #13, 13-1). The Court ordered Defendants to respond to both motions by December 3, 2019 and set a status hearing on January 7, 2020. (Doc. #15.)

3. Defendants failed to respond to either motion.

4. Instead, on December 2, 2020, one day before their response briefs were due, Defendants filed a Motion for Extension of Time, asking the Court for an additional 29 days, until December 31, 2019, to respond to the motions. (Doc. #16.) The Court granted the extension. (Doc. #18.)

5. Rather than file their responses briefs however, Defendants engaged counsel for Macklaier in settlement discussions. It now appears that the settlement discussions, and resulting settlement, were only a delay tactic.

6. On January 10, 2020, the Court entered an Agreed Order memorializing the parties' settlement. (Doc. #22.) Under the Agreed Order, Defendants were obligated to "cooperate fully" with Macklaier in selling the Grayslake Property including, among other things, "executing all documents Macklaier reasonably deems necessary for the sale of the property." (Doc. #22, ¶¶ 1-2.)

7. On January 15, 2020, undersigned counsel sent Defendants' counsel an Exclusive Sales/Lease Agreement (the "Sales Agreement") to be executed by the title holder to the Grayslake Property --- Defendant Sherry Tucci as Trustee under the Trust. (Doc. #28, ¶ 8.) Defendant Sherry Tucci failed to execute the Sales Agreement despite repeated demands, constituting an event of default under the Agreed Order. (Id. at ¶ 9.)

8.      On February 11, 2020, this Court held a status hearing and was informed that (i) Defendants' had defaulted on their obligations under the terms of the Agreed Order by failing to execute the Sales Agreement; (ii) Defendant Sherry Tucci has "dementia" and is unable to execute the Sales Agreement; and (iii) the successor trustees of the Trust were unwilling or unable to execute the Sales Agreement.  The Court set a further status for February 25, 2020 in order to give Defendants' counsel additional time to confirm whether the successor trustees would sign the Sale Agreement.  (Doc. #24.)

9.      To date, the successor trustees have been unwilling or unable to comply with the Agreed Order.

10.     Subsequently, Defendants' counsel informed undersigned counsel that he intended to withdraw as counsel for Defendants.  On February 20, 2020, in light of these delays, Macklaier filed the Motion for Judgment based on Defendants' default under the Agreed Order.  (Doc. #28.)

11.     On February 25, 2020, the Court held a status at which time Defendants' counsel stated that new counsel would be substituting into the case.  Based on that representation, the Court entered and continued the Motion for Judgment and the Motion to Withdraw to March 10, 2020 at 11:00 a.m.

12.     At the time of the filing of this motion, new counsel has not filed a substitute appearance on behalf of Defendants.

13.     Defendants' request to substitute new counsel into the case continues their consistent pattern of delay.  The delays have placed the Grayslake Property at risk as demonstrated in the Motion for Judgment. (Doc. #28.)

14.     Importantly, the delays are **not** the result of Sherry Tucci's medical condition. The Trust documents expressly provide for successor trustees. It is undersigned counsel's

understanding that the successor trustees are refusing to cooperate with the sale of the Grayslake Property in further default of the parties' settlement agreement.

15. In order to protect his rights, Macklaier now seeks immediate entry of Judgment for breach of the Agreed Order, as well as judgment for his previously filed motion for judgment on the pleadings and appointment of a receiver.

16. An immediate ruling on the Motion for Judgment is proper under the circumstances given Defendants' defaults, their persistent pattern of delay, and their lack of any defense to entry of a judgment. Indeed, under the Agreed Order, upon a default, Defendants agreed to waive all objections and defenses and consented, upon notice and motion, to entry of judgment against them. (Doc. #22, ¶ 6.)

WHEREFORE, Plaintiff Tim Macklaier prays for an immediate ruling at the March 10, 2020 hearing and entry of judgment against Defendants Joseph Tucci and Sherry Tucci, individually and as Trustee under Trust Agreement dated June 23, 2003 and known as The Sherry Tucci Living Trust, as set forth in the proposed Judgment Order attached as Exhibit 2 to Macklaier's Motion for Judgment. (Doc. #28, Ex. 2.)

Dated: March 5, 2020

Respectfully submitted,

TIM MACKLAIER

By: /s/Arthur M. Scheller III
    One of his attorneys

Andrew J. Greene (ARDC #6225072)
Arthur M. Scheller III (ARDC #6216805)
ASG LAW LLC
20 N. Clark Street, Suite 3300
Chicago, IL 60602
(312) 858-6751
agreene@asglawfirm.com
ascheller@asglawfirm.com

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on March 5, 2020, I electronically transmitted the foregoing **Motion for Immediate Ruling on Motion for Entry of Judgment Pursuant to Agreed Order, Judgment on the Pleadings and Appointment of a Receiver** to the Clerk of the Court using the CM/ECF System for filing and transmittal to the CM/ECF registrants.

                                                             /s/Arthur M. Scheller III